WARREN-SMITH HARDWARE CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 6737.   Promulgated June 14, 1927.

Deduction of bad debts disallowed because not charged off within the taxable year.

*J. D. Lydick, Esq.,* and *M. C. Fox, C. P. A.,* for the petitioner.
*John D. Foley, Esq.,* for the respondent.

This is a proceeding to redetermine a deficiency in income and profits tax for the year 1919. The amount of the deficiency stated in the notice of deficiency is $74.75. The petitioner alleges the amount in controversy to be $1,400.44.

The only question is whether certain alleged bad debts, aggregating $3,044.44, may properly be deducted from gross income in the year 1919.

### FINDINGS OF FACT.

The petitioner, in 1919, was a corporation of Oklahoma, doing a retail business in hardware and farming implements at Shawnee. As of December 31, 1919, the corporation was dissolved and the assets were transferred to its stockholders, who thereafter conducted the business in partnership. The corporation had for several years done an extensive credit business among farmers. Most of the credits were represented by notes; the balance by open accounts.

The notes were kept in a file, and were posted in a " bill receivable " account in the ledger. There was also carried separately in the ledger an " accounts receivable." At the close of the year 1919, the bookkeeper discovered that the aggregate of the notes in the file was $3,634.59 less than the total of the charges of " bills receivable " on the ledger. For the purpose of balancing the books, a credit of the amount of the discrepancy was made to the bills receivable account, and an offsetting charge made to an account desig-

nated "bad debts." This resulted, when the latter account was closed, in a net deduction from income for bad debts of $3,389.33. This deduction was disallowed by the Commissioner.

At the close of 1919 the petitioner held a number of notes which were then considered worthless, but none of them was actually charged off in that year. In subsequent years, they were charged off by the partnership that took over the business, as follows:

| | |
|---|---|
| 1920 | $1,633.66 |
| 1921 | 740.78 |
| 1922 | 250.00 |
| 1923 | 270.00 |
| 1924 | 150.00 |
| | 3,044.44 |

OPINION.

LOVE: The petitioner contends that the debts in question were worthless in 1919 and the evidence tends to sustain in part this contention. But these debts were not charged off within the year. This omission, petitioner asserts, was an error which arose from the fact that a deduction was taken of the amount charged to bad debts in the process of balancing the accounts, and it was felt this amount represented approximately the loss for the year from bad debts.

The Revenue Act of 1918, section 234 (a) (5), requires that debts found to be worthless, in order to be deductible, must be charged off within the taxable year. A "correction" entry, made for the purpose of balancing the books, may not be construed into a charge-off of these debts. The record shows they were actually charged off over a period of five years, following the taxable year.

*Judgment will be entered for the respondent.*